IN THE COMMONWEALTH COURT OF PENNSYLVANIA

County of Allegheny : 
 : 
v. : No. 1207 C.D. 2019
 : Submitted: September 25, 2020
International Brotherhood of : 
Teamsters, Local 249, : 
 Appellant : 

BEFORE: HONORABLE MARY HANNAH LEAVITT, President Judge[1]
 HONORABLE PATRICIA A. McCULLOUGH, Judge
 HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT FILED: February 4, 2021

The International Brotherhood of Teamsters, Local 249 (Union) appeals an order of the Court of Common Pleas of Allegheny County (trial court) that granted, in part, Allegheny County's (County) petition to vacate a grievance arbitration award and granted, in part, Union's motion for summary judgment. In doing so, the trial court set aside the award insofar as it required the County to award discretionary step wage increases to certain County employees retroactive to their one-month and six-month hiring anniversary dates. Union argues that the trial court erred in holding that the arbitration award was not rationally derived from the parties' collective bargaining agreement.

Pursuant to the Public Employe Relations Act,[2] Union is the exclusive representative of the non-professional hourly employees who work in various

[1] This case was assigned to the opinion writer before January 4, 2021, when Judge Leavitt completed her term as President Judge.

[2] Act of July 23, 1970, P.L. 563, *as amended*, 43 P.S. §§1101.101 – 1101.2301.

divisions of the County's court system. Union and the County were parties to a collective bargaining agreement (CBA) for the period of January 1, 2009, through December 31, 2012. Relevant to this matter, Article X of the 2009-2012 CBA governed compensation and established "Step Movements," or longevity wage increases. More specifically, Article X provided:

> Step Movement – Employees who reached their 8th anniversary year during the term of this Agreement (employees who have completed eight (8) full years of service) shall receive a one-time increase of $.35 per hour, which shall be included in their base rate of pay.

Reproduced Record at 33a (R.R. __). The 2009-2012 CBA did not address any other wage increases based on different lengths of service. Instead, each department within the court system maintained its own discretionary policy as to such increases.

The CBA expired on December 31, 2012, without a successor agreement in place. The matter proceeded to interest arbitration after negotiations reached an impasse.[3] From January 1, 2013, to April 5, 2014, the parties maintained the status quo. During this time, the County continued to conduct merit evaluations of employees but withheld implementing any wage adjustments pending a final decision in the interest arbitration proceeding.

On April 5, 2014, Arbitrator Atul S. Maharaja issued the interest arbitration award after a hearing and executive session of the arbitration panel.

---

[3] Section 1001 of the Public Employe Relations Act prohibits Union's employees from striking. 43 P.S. §1101.1001. When Union reaches an impasse in collective bargaining with the County, the parties must submit their dispute to binding interest arbitration. Section 805 of the Public Employe Relations Act, 43 P.S. §1101.805.

The award created the terms of the CBA for the period of January 1, 2013, to December 31, 2016. In pertinent part, the award stated:

ARTICLE X COMPENSATION shall be amended to provide that:

\* \* \*

All those employed in the bargaining unit as of January 1, 2013 and who remain employed, died or retired when the new CBA takes effect shall receive a signing bonus of $600.00

All employees in the bargaining unit as of January 1, 2014 shall receive a bonus payment of $300.00. The County shall make the bonus payments within sixty days following issuance of this Award.

The bonus payments are in lieu of retroactive wage increases from the period of January 1, 2013 through the issuance of this Award.

STEP MOVEMENT The provisions shall remain as is. Neither party presented sufficient evidence to justify a change to the existing provisions.

R.R. 51a-52a.

In accordance with Arbitrator Maharaja's award, Article X of the 2013-2016 CBA states as follows with regard to Step Movements:

Employees who reached their 8th anniversary year during the terms of this Agreement (employees who have completed eight (8) full years of service) shall receive a one-time increase of $.35 per hour, which shall be included in their base rate of pay. Years of service shall be based on the employee's total service as an employee of Allegheny County.

R.R. 99a. The 2013-2016 CBA mentions no other Step Movements or longevity wage increases.

3

On April 6, 2014, the County implemented wage increases for all employees who had reached their six-month, one-year or eight-year anniversary during the status quo period. It made these increases effective April 5, 2014, which was the date of the interest arbitration award. Union filed a grievance on behalf of the affected employees, arguing that the County had violated the CBA by failing to make the wage increases retroactive to the anniversary of each employee's date of hire. Union's grievance was submitted to arbitration for resolution.

On June 2, 2015, Arbitrator Colman R. Lalka issued a grievance arbitration award. Arbitrator Lalka acknowledged that Article X of the CBA addresses the eight-year Step Movements, whereas the agreement contains no provisions for six-month and one-year wage adjustments, which are awarded differently depending on the department.[4] Arbitrator Lalka noted that, during the interest arbitration proceeding, Union had requested an increase in the eight-year

---

[4] The parties entered the following stipulation in the arbitration proceeding regarding one-month and six-month wage adjustments:

> Some departments hire employees at a starting salary and then review the employee's performance after six months. If the employee is rated as satisfactory, the employee is then entitled to be moved up to the regular salary for the position. In other departments the review and adjustment take place after one year. In still other departments the employee may be eligible after both six months and one year.

> Some divisions within the courts give a six month wage increase, most notably the criminal division, based on satisfactory completion of the employees' probationary period. Some divisions give a six month wage increase after successful completion of the probationary period, and then at one year bring the employees up to their maximum salary for the position. And some do not give a six month increase, but at one year bring the employees up to their maximum salary. It really depends on the division. Some employees get no increase if they do not successfully complete their probationary period.

R.R. 16a-17a.

4

Step Movement from $.35 per hour to $1.00 per hour; Arbitrator Maharaja denied that request and held that the "provisions shall remain as is." R.R. 52a. Regarding the six-month and one-year adjustments, Arbitrator Lalka noted that during negotiations, Union proposed that the increases be automatically granted rather than making them contingent on employee performance reviews. Arbitrator Lalka continued:

> The parties are in agreement that the Union's proposals were presented at Interest Arbitration in front of Arbitrator Maharaja. In that no evidence of record indicates Arbitrator Maharaja failed to address any issues presented, this Arbitrator concludes that in the above quoted reference to Step Movement, Arbitrator Maharaja intended to include the six-month and one-year Step Movements when he ordered, "The provisions shall remain as is."

> For the same reasons noted above when addressing the eight-year Step Movement, this Arbitrator holds that the County's use of April 6, 2014 for the effective date of the six-month and one-year Step Movements is incorrect, and is to be remedied as noted below.

R.R. 20a. Based on the above findings, Arbitrator Lalka sustained Union's grievance and ordered the County to "provide eight-year Step Movements effective as of the eight-year anniversaries of the affected employees' dates of hire. Each Division's exercise of its discretion regarding the six-month and one-year Step Movements remains as it was in the [2009-2012 CBA]." R.R. 21a.

On July 1, 2015, the County filed a petition to vacate, modify or correct Arbitrator Lalka's award, arguing that the award was not rationally derived from the CBA. More specifically, the County argued that because the CBA did not address six-month and one-year wage increases, Arbitrator Lalka lacked a

5

contractual basis for his award.[5]  Union filed a counterclaim to enforce Arbitrator Lalka's award and a motion for summary judgment on both its counterclaim and the County's petition to vacate.  Union asserted that it was entitled to summary judgment because Arbitrator Lalka's award was rationally derived from the terms of the CBA and Arbitrator Maharaja's interest arbitration award, which established those terms.

On July 29, 2019, the trial court issued its final order.  With respect to the six-month and one-year wage increases, the trial court granted the County's petition to vacate the arbitration award and denied Union's motion for summary judgment.  The trial court rejected Arbitrator Lalka's ruling that these wage increases should be retroactive to the employees' anniversary dates on the basis of Arbitrator Maharaja's earlier directive that "[t]he provisions shall remain as is." Trial Court Op. at 5-6; R.R. 180a-81a.  The trial court reasoned:

> Nowhere in his award does [Arbitrator Maharaja] cite what "provisions" to which he is referring, and a reading shows that there are none, causing us to find that the six-month and one-year wage increases were not rationally derived from the language of the [CBA]. To have provisions remain "as is" would imply the provisions are part of the agreement, which they are not.

Trial Court Op. at 6; R.R. 181a.

With respect to the eight-year Step Movements, the trial court granted Union's motion for summary judgment and denied the County's petition to vacate

---

[5] The County also challenged Arbitrator Lalka's ruling that the eight-year Step Movements should be paid retroactively since Arbitrator Maharaja's award provided for bonus payments in lieu of retroactive wage increases.  The eight-year Step Movements are not at issue in this appeal.

the award. The trial court reasoned that the CBA specifically provided for the $0.35 per hour step increase and made it payable on the date during the status quo period that the employee reached eight years of employment. Thus, the County violated the agreement when it made all such Step Movements effective April 5, 2014.

Union has appealed the trial court's order vacating Arbitrator Lalka's award with respect to the effective date of the six-month and one-year wage increases.[6] On appeal, Union argues that the trial court erred in finding that Arbitrator Lalka's award was not rationally derived from the 2013-2016 CBA. Union posits that Arbitrator Lalka's conclusion that the six-month and one-year wage increases should remain "as is," *i.e.*, payable on the employees' anniversary dates, was a reasonable interpretation of the language of Arbitrator Maharaja's interest arbitration award and, by extension, the terms of the CBA. Union asserts that Arbitrator Lalka's award should be upheld in its entirety.

We begin with this Court's narrow standard of review of a grievance arbitration award under the Public Employe Relations Act. Our Supreme Court has held that a reviewing court must accord great deference to the award of an arbitrator chosen by the parties. *State System of Higher Education (Cheyney University) v. State College University Professional Association (PSEA-NEA)*, 743 A.2d 405, 413 (Pa. 1999). In the vast majority of cases, an arbitrator's decision is final and binding upon the parties. *Id.* The narrow exception to this finality doctrine is the so-called "essence test." *Id.* In applying the essence test, a reviewing court conducts the following two-prong analysis:

---

[6] The County did not file a brief in a timely manner and, as such, is precluded from participating in this appeal.

7

> First, the court shall determine if the issue as properly defined is within the terms of the collective bargaining agreement. Second, if the issue is embraced by the agreement, and thus, appropriately before the arbitrator, the arbitrator's award will be upheld if the arbitrator's interpretation can rationally be derived from the collective bargaining agreement. That is to say, a court will only vacate an arbitrator's award where the award indisputably and genuinely is without foundation in, or fails to logically flow from, the collective bargaining agreement.

*Id.* A reviewing court does not engage in a merits review of an arbitration award. *Westmoreland Intermediate Unit #7 v. Westmoreland Intermediate Unit #7 Classroom Assistants Educational Support Personnel Association, PSEA/NEA*, 939 A.2d 855, 863 (Pa. 2007). A court may not disturb an award even if it is "manifestly unreasonable." *Id.* We consider Union's appeal with the above principles in mind.

Under the first prong of the essence test, we determine whether the issue decided was embraced by the CBA and, thus, properly before the arbitrator. Article III of the CBA defines a "grievance" as "[a]n alleged breach or violation of this Agreement *or a dispute arising out of the interpretation or application of the provisions of this Agreement*." R.R. 91a (emphasis added). The issue of whether the six-month and one-year wage increases should be effective as of the anniversaries of the employees' dates of hire is an issue of compensation that arose out of the interpretation and application of Article X of the CBA. Moreover, Arbitrator Lalka found that the issue was properly before him, and that finding is entitled to deference. *See Millcreek Township School District v. Millcreek Township Educational Support Personnel Association*, 210 A.3d 993, 1004 (Pa. 2019) ("[W]e hold that the reviewing court must give deference to the arbitrator's

8

interpretation of the CBA including for purposes of the first prong of the essence test.").  The first prong of the essence test was satisfied.

Under the second prong of the essence test, Arbitrator Lalka's award must be upheld if it can rationally be derived from the CBA.  In conducting this analysis, we are mindful that "[t]he words of the CBA are not the exclusive source of rights and duties.… The arbitrator is authorized to make findings of fact to inform his interpretation of the CBA."  *Id.* at 1006 (quotations omitted).  Further, "even though an arbitrator is not permitted to ignore the CBA's plain language in fashioning an award, the arbitrator's understanding of the plain language must prevail.  A reviewing court should not reject an award on the ground that the arbitrator misread the contract."  *Id.* (quotations omitted).  All that is necessary is that the arbitrator's interpretation "can in any rational way be derived from the agreement, viewed in light of its language, its context, and any other indicia of the parties' intention."  *Id.* at 1002 (quotations omitted).

With this deferential standard in mind, we conclude that Arbitrator Lalka's award satisfied the second prong of the essence test, and the trial court erred in holding to the contrary.  Although the CBA does not specifically reference the six-month and one-year wage increases, Arbitrator Lalka was not limited to "the words" of the CBA.  *Millcreek Township*, 210 A.3d at 1006.  In order to inform his interpretation of the CBA, he had to consider Arbitrator Maharaja's interest arbitration award, which created the terms of the CBA.  According to Arbitrator Lalka, the parties agreed that one of the issues in the interest arbitration proceeding was whether the disputed wage increases should be automatically granted instead of being contingent on employee performance reviews.  Arbitrator Lalka concluded that Arbitrator Maharaja's declaration that "the provisions shall

9

remain as is" included the six-month and one-year wage increases. We cannot say that Arbitrator Lalka's award is indisputably without foundation in or fails logically to flow from the CBA. It was rationally derived from the agreement as informed by Arbitrator Lalka's understanding of "the parties' history and the context." *Id.* That the trial court may have reached a different result is of no moment, even if it viewed the award as manifestly unreasonable.

Because the trial court erred in granting the County's petition to vacate the arbitration award with respect to the six-month and one-year wage increases, we reverse its order and remand for entry of judgment in favor of Union.

_____
MARY HANNAH LEAVITT, President Judge

Judge Wojcik did not participate in the decision in this case.

10

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| County of Allegheny | : | |
| | : | |
| v. | : | No. 1207 C.D. 2019 |
| | : | |
| International Brotherhood of | : | |
| Teamsters, Local 249, | : | |
| Appellant | : | |

# **O R D E R**

AND NOW, this 4th day of February, 2021, the order of the Court of Common Pleas of Allegheny County dated July 29, 2019, is REVERSED, and the above-captioned matter is REMANDED for entry of judgment in favor of Appellant.

Jurisdiction relinquished.

_____
MARY HANNAH LEAVITT, President Judge